IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-27,328-03






EX PARTE ROLANDO RUIZ





ON APPLICATION FOR WRIT OF HABEAS CORPUS 


IN CAUSE NO. 92-CR-6718B FROM THE


277
th DISTRICT COURT OF BEXAR COUNTY





 Holcomb, J., filed a statement dissenting to the dismissal of the
application, joined by Johnson, J.


DISSENTING STATEMENT




 In the case before us, the applicant "presents the clear question of whether the State of Texas
can protect a judgment which rests on ineffective assistance of trial counsel by providing habeas counsel
who failed to function as post-conviction counsel in any meaningful sense." (1) Thus, the applicant in this
case has suffered a violation of his Sixth Amendment right to counsel not on one but at both the trial and
the state habeas levels of proceedings. Ironically, it was due to the ineffective assistance of counsel in
the state habeas proceedings that further deprived the applicant from receiving any relief at the federal
level, in spite of both the federal district court and the Fifth Circuit's recognition that applicant had been
denied effective assistance by both his trial and state habeas counsels. (2) The present application is
therefore this applicant's final means to obtain any meaningful redress for the significant deprivation of
his Sixth Amendment rights that he has suffered during the lower court proceedings in this State.

 Unfortunately, and with all due respect, I feel this Court has misinterpreted the applicant's
actual claim. The question presented is not only whether the applicant's trial counsel was ineffective in
failing to present mitigating evidence at the punishment phase of his capital murder trial, but also
whether he was ineffective in failing to investigate substantial mitigating evidence when they had reason
to believe that it might exist. This failure to investigate could, if true, support a Sixth Amendment claim
for relief, especially after Wiggins v. Smith, (3) upon which the applicant principally relies. Indeed, there
does appear to be a significant reason for the trial counsel to have believed such evidence existed. 
Nevertheless, he failed to investigate, let alone bring any mitigating evidence to the jury's attention. 
Similarly, the state habeas counsel failed to discover, let alone bring such evidence to the Court's
attention, when he filed the first application for writ of habeas corpus on this applicant's behalf. Given
what the federal courts found to be obvious and glaring failures of both the applicant's trial and state
habeas counsels, I believe that this applicant should at least have been given a chance to be fairly heard
at this, literally final, stage of his proceedings. Since the Court declines to do so, I respectfully dissent.

Filed: July 6, 2007 

Do not publish
1. Applicant's Subsequent Application for Post-Conviction Relief, at 1.
2. See Ruiz v. Dretke, Memorandum Opinion and Order of Judge Garcia, August 29, 2005
(Exhibit 3) (denying habeas relief on procedural grounds due to "[t]he inexplicable failure of petitioner's
state habeas counsel to raise any of these claims during petitioner's state habeas corpus proceeding."). 
See also Ruiz v. Quarterman, 460 F.3d 638, 644 (5th Cir. 2006) (Exhibit 2) (similarly denying relief
on procedural grounds in spite of acknowledging the district court's finding that "trial counsel was
ineffective and [its suggestion] that state habeas counsel was [likewise] ineffective.").
3. 539 U.S. 510 (2003).